A. Eric Bjorgum (SBN 198392)
**KARISH & BJORGUM, PC**
119 E. Union St., Suite B
Pasadena, CA  91103
Phone: (213) 785-8070
Fax:   (213) 995-5010
eric.bjorgum@kb-ip.com

Attorneys for Plaintiff
TAKEOVER INDUSTRIES, INC.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| TAKEOVER INDUSTRIES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY BARSCH aka StanTheTradingGuy, an individual; Sharmila Viswasam aka @RealtorStarShar, an individual; and DOES 2-20, inclusive<br><br>Defendants, | Case No. 21−cv−05089−AB−MAA<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1.  Interference with Contractual Relations**<br>**2.  Intentional Interference with Prospective Economic Advantage**<br>**3.  Negligent Interference with Prospective Economic Advantage**<br>**4.  Violation of Bus. & Prof. Code Section 17200**<br>**5.   Negligent Misrepresentation**<br><br>**Judge**:  Hon. Andre Birotte<br>**Courthouse:** First Street Courthouse, 350 West First Street, Los Angeles 90012<br>**Courtroom:** 7<br>**Complaint Filed**: June 22, 2021 |

FIRST AMENDED COMPLAINT

SMRH:490007883.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT

Plaintiff Takeover Industries, Inc. ("Takeover" or "Plaintiff") brings this matter against Defendant Stanley Barsch and Sharmila Viswasam for intentional interference with contractual relations, interference with prospective economic advantage, negligent interference with prospective economic relations and statutory unfair competition as follows:

## I.    THE PARTIES

1.    Plaintiff Takeover Industries, Inc. ("Takeover") is a Nevada corporation with offices in California and Nevada.

2.    On information and belief, Defendant Stanley Barsch aka StanTheTradingMan aka @StanTheTradeMan is a resident of Middletown, Maryland or may have recently moved to Florida+

3.    On information and belief, Defendant Sharmila Viswasam is an individual residing in Maryland.  Viswasam is a current or former associate of Defendant Barsch. On information and belief, Viswasam appears on the Internet under the name RealtorStarShar.  Defendant Viswasam is hereby substituted in for DOE 1.

4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 2-20 and therefore sues those defendants by those fictitious names. Plaintiff will amend this complaint to include their true names and capacities when ascertained.

5.    Plaintiff is informed and believes, and based thereon alleges that in doing the acts and things hereinafter alleged, each Defendant acted individually for himself or itself, and as the agent, employee, and/or representative of each of the other defendants and, in doing the things hereinafter alleged, each was at all times acting within the course and scope of said agency, representation or employment relationship with the advance knowledge, acquiescence, or subsequent ratification of each and every other Defendant.

FIRST AMENDED COMPLAINT

## II.   JURISDICTION AND VENUE

6.     This action arises under the laws of the United States and the State of California and invokes the diversity jurisdiction provisions of this Court, pursuant to 28 U.S.C. section 1332.  Plaintiff's primary place of business is in California. The parties to this action are diverse and the amount in controversy exceeds $75,000, so the prerequisites of diversity jurisdiction have been met.

7.     Venue is proper in this District under 28 U.S.C. section 1391 because Plaintiff has offices in this District, and Defendants are engaged in activities that directly affect residents of this District, the stock transfer agent is in San Diego, California, and Defendants are subject to personal jurisdiction in this District for harming stock purchasers in this District.

## III.   GENERAL ALLEGATIONS

8.     Based on information and belief Defendant Barsch is a former law enforcement officer and real estate broker residing in Maryland, with an office in Washington, D.C.  He is also a self-styled stock advisor who, on information and belief, "started in trading" in or about July, 2019.  He claims to have "made his way up over the several months that followed."

9.     Defendant Barsch typically offers advice on small companies with a high volume of shares traded for low prices per share, aka "penny stocks."  Barsch claims to hold the stocks he touts and not trade them actively.

*10.*     On information and belief, Defendant Viswasam is a current or former associate of Barsch who claims Barsch as a mentor, writing that she "became a millionaire this was before stocks because of Stan and how he taught me to make my money work for me."

11.     Plaintiff Takeover is a subsidiary of a company known as Labor Smart, Inc. and its operators are the primary shareholders of the preferred and controlling shares of Labor Smart, Inc., which is publicly traded on the Over The Counter

("OTC") market.  After acquiring Labor Smart, Takeover's management quickly went into motion to implement a line of enhanced water products under the NXT LVL brand.  These products include NXT LVL Hydrogen Water ("NXT LVL Water"). NXT LVL Water features a proprietary blend of ingredients and utilizes a confidential, proprietary process to infuse the water with additional hydrogen and compounds.

12.     To create its NXT LVL Hydrogen Water product, Takeover uses a company in Georgia and has entered into an agreement with inventor Danny Day, who owns the rights to the infusion process for Takeover's Hydrogen Water product.  In a very short period of time, Takeover has signed several professional athletes to use and endorse its NXT LVL water.  One reason for Takeover's success has been its small management team and their deep connections with the beverage and health industries, and their long-term relationships based on trust and demonstrated results.

13.     On information and belief, Barsch's chief claim to fame is buying and selling stock, regardless of the industry.  On information and belief, to create revenue for Barsch, the stock price must go up or down.  Since Takeover became involved in Labor Smart, its stock price fluctuated from below one cent per share to over 8 cents and is now just below 2 cents.  During that time, Barsch has been a stock commentator on Labor Smart and Takeover.  Sometimes his comments are positive, and sometimes they are negative.

14.     For instance, Takeover representatives held a meeting with a prominent sports figure and his trainer.  Barsch and Viswasam  were both on the phone at that meeting. They were instructed not to mention the meeting or those involved, yet almost immediately Barsch began to send out electronic messages indicating that Plaintiff may be involved with that sports figure.  Barsch's actions undermined trust in Takeover and resulted in cease-and-desist letters from the athlete's management.

Takeover was unable to complete a valuable endorsement deal. Takeover had signed a Letter of Intent with the sports trainer, which, upon information and belief, Barsch was aware of.

15.     When Takeover executives attended a ribbon cutting ceremony at a water plant in Georgia, Barsch showed up and learned more about Takeover's plans and business connections.  He met Danny Day and inserted himself into the world of Takeover so that, on information and belief, he could continue to profit from the company.  He was aware that Danny Day had an agreement with Takeover to make product with Takeover.

16.     On or about May 18, 2021, Barsch approached Takeover and sought to create a position for himself at Takeover as a "stock market advisor," spokesperson, and fund raiser.

17.     On June 4, 2021, to support his campaign for a job at Takeover, Barsch wrote to an advisor of Takeover, stating that he had liquidated 99% of his stock in Labor Smart so that he could work for Takeover with no apparent conflicts or insider trading risk.

18.     The current management team of Takeover is focused on running an actual business creating actual products – not day trading or playing with the stock market.  On information and belief, when Barsch realized that Takeover would be more focused on delivering product than playing games in the stock market, he became concerned and attacked the Company.  Most recently, he contacted Danny Day (the inventor of a component of Takeover's water formulation) and asked if Day had "thought about taking your company public."

19.     Day responded that he was "not familiar with the process."  Barsch responded he could "do some research to see if it may be something beneficial for you financially. . . You can raise money and fund your future being public."  Attached hereto as Exhibit A is a true and correct copy of the email exchange

FIRST AMENDED COMPLAINT

1 | between Barsch and Day.

2 |     20.    On information and belief, Defendant Viswasam was aware of this

3 | exchange. She later wrote that Barsch "is a private investor he [sic] can reach out to

4 | anyone he wants."

5 |     21.    Later, Viswasam wrote of Takeover's CEO, Toby McBride:

6 | "Tobys claim to fame is fake it until you make it. He has no goats of his own. He

7 | reminds me of those groupie guys at the club that follow celebrities around for

8 | clout."

9 |

10 | **FIRST CLAIM FOR RELIEF**

11 | **(Intentional Interference With Contractual Relations – Against Barsch**

12 | **and Viswasam)**

13 |     22.    Plaintiff incorporates herein by this reference the allegations set forth in

14 | paragraphs 1 through 21, above.

15 |     23.    Takeover has an existing exclusive contract with Danny Day to use his

16 | technology.

17 |     24.    On information and belief, Barsch knew of that contract and the value

18 | of Day's technology. When Barsch realized that Takeover would not be offering

19 | him a position or providing him information, he decided to contact Day directly.

20 |     25.    Barsch made performance of the contract more expensive and difficult.

21 |     26.    Takeover has been harmed by Barsch's actions by, among other things,

22 | having certain business opportunities cut off. On information and belief, Viswasam

23 | was working together with Barsch to obtain information about Takeover and its

24 | business partners to further manipulate Takeover's stock prices. Viswasam later

25 | served as an apologist for Barsch.

26 |     27.    Defendants' conduct was a substantial factor in causing that harm.

27 | Defendants knew that disruption of performance was certain or substantially certain

28 |

    FIRST AMENDED COMPLAINT

to occur intentionally, or at least with reckless disregard, interfered in the business relationships between the Takeover and Day in order to disrupt the relationship and cause Day to seek other arrangements. In so doing, Defendants intentionally, or at least with reckless disregard, interfered in the potential economic advantage to be gained by the Takeover.

28.     On information and belief, Defendants' actions have disrupted and will disrupt Takeover's business relationships with current and prospective clients. Defendants' misinformed statements about Takeover have also cause its share prices to become volatile.  Takeover was and continues to be proximately damaged by Defendants' conduct in amounts subject to proof at trial.

29.     By their conduct, Barsch and Viswasam acted fraudulently, oppressively, and with malice within the meaning of California Civil Code section 3294, entitling the Company to punitive or exemplary damages in an amount appropriate to punish them and serve as an example to the community.

## SECOND CLAIM FOR RELIEF

### Intentional Interference With Prospective
### Economic Relations Against Barsch and Viswasam)

30.     Takeover incorporates herein by this reference the allegations set forth in paragraphs 1 through 29, above.

31.     Takeover has an existing exclusive contract with Danny Day to use his technology, which would result in economic benefit.  Takeover also had other potential endorsement relationships that would have resulted in economic benefit. Takeover is also a publicly traded company that must maintain the trust of its investors and attract new investors.

32.     On information and belief, Barsch and Viswasam knew of those relationships and potential relationships.

33.     Nevertheless, Barsch made statements regarding pending deals and contacted business associates of Takeover against Takeover's express instructions. Barsch's public statements misrepresented Takeover's business prospects and caused its stock price to fluctuate. Barsch intended to disrupt Takeover's business relationships of knew that disruption was certain or substantially certain to occur. On information and belief, after Takeover cut ties with Barsch, Defendant Viswasam's former employer, Viswasam provided information to Barsch and also misused the information she had to attempt to force Takeover management to put out press releases and take other actions that would influence the stock prices.

34.     Those relationships were disrupted.

35.     Takeover was harmed by the delay and mistrust caused with some relationships and by other potential partners simply walking away from Takeover.

36.     Barsch's and Viswasam's conduct was a substantial factor in causing that harm.

37.     By their conduct, Barsch and Viswasam acted fraudulently, oppressively, and with malice within the meaning of California Civil Code section 3294, entitling the Company to punitive or exemplary damages in an amount appropriate to punish Barsch and Viswasam and to make an example of them to the community.

### THIRD CLAIM FOR RELIEF

**(Negligent Interference With Prospective Economic Advantage Against Barsch and Viswasam)**

38.     Takeover incorporates herein by this reference the allegations set forth in paragraphs 1 through 37, above.

39.     Takeover and certain professional athletes were in a relationship that would have probably resulted in future economic benefit. Takeover also had other

potential endorsement relationships that would have resulted in economic benefit. Takeover also has potential investor relations and stockholder relations that are very valuable.

40.    Barsch and Viswasam knew or should have known of those relationships.

41.    Barsch and Viswasam knew or should have known that these relationships would have been disrupted if they failed to act with reasonable care.

42.    Barsch and Viswasam did fail to act with reasonable care.

43.    Barsch engaged in wrongful conduct by publicly disclosing relationships that were confidential and by using his access to Takeover business partners to jeopardize Takeover's business prospects. Takeover was harmed by the delay and mistrust caused with some relationships and by other potential partners simply walking away from Takeover.  On information and belief, Viswasam worked in concert with Barsch.    Barsch and Viswasam's conduct was a substantial factor in causing that harm.

44.    On information and belief, Barsch's and Viswasam's actions have disrupted and will disrupt the Company's business relationships with current and prospective clients.  The Company was and continues to be proximately damaged by Barsch' and Viswasam's conduct in amounts subject to proof at trial.

## FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Bus. & Prof. Code Section 17200 Against Barsch and Viswasam) )

45.    Takeover incorporates herein by this reference the allegations set forth in paragraphs 1 through 44, above.

46.    Beginning at an exact date unknown to plaintiff but at least since March 15, 2021, Barsch has committed acts of unfair competition, as defined by California Business and Professions Code section 17200, by engaging in the

FIRST AMENDED COMPLAINT

following practices, at the very least: (i) inserting himself into the affairs of Plaintiff to obtain information that could be used to promote Plaintiff's business to manipulate the stock price of Plaintiff; (ii) attempting to put himself into public relations position with Plaintiff so that he could obtain information and control public messaging regarding Plaintiff; and (iii) interfering with Plaintiff's relationships and prospective relationships to hurt Plaintiff or obtain information that could be used to manipulate the stock price of Plaintiff.  On information and belief, Viswasam worked in conjunction with Barsch in developing and manipulating these facts.

47.     The acts and practices described immediately above violate Business & Professions Code section 17200 in the following respects:

a. Defendant's practice of obtaining, leaking and attempting to use confidential business information violate the Securities laws of the United States and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

b.  Defendant's practice of leaking information has interfered with Plaintiff's contractual relationships and prospective economic relationships as outlined above.

c.  Defendants' practice/policy of leaking information and purporting have inside information is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code section 17200.

48.     Plaintiff and other members of the general public have no other adequate remedy of law in that.

49.     As a result of the aforementioned acts, Plaintiff has lost business opportunities, and that public has been harmed by volatile share prices.

FIRST AMENDED COMPLAINT

## FIFTH CLAIM FOR RELIEF

### (Negligent Misrepresentation Against Barsch and Viswasam)

50.     Takeover incorporates herein by this reference the allegations set forth in paragraphs 1 through 49, above.

51.     Barsch represented that he had sold his stock and that he would keep certain communications confidential.  On information and belief, Barsch had not sold his stock.  Further, as alleged above, he did not keep communications confidential. He released an electronic communication stating that confidential discussions that were rumored were in fact true. Release of this communication caused the endorsement deal to stop, so that Plaintiff was harmed.

52.     Thus, Barsch had no reasonable grounds to believe that he had sold his stock or that he would keep confidential statements confidential.

53.     When he made these misrepresentations to Takeover, he intended that Takeover would rely upon them. On information and belief, Viswasam was working with Barsch to explain Takeover's strategies and positions so that he could fully maximize the profit from his misrepresentations.

54.     Takeover reasonably relied upon the misrepresentations.

55.     Takeover was harmed.

56.     Takeover's reliance on the misrepresentations was a substantial factor in creating the harm.  On information and belief, Barsch's actions have and will disrupt Takeover's business relationships with current and prospective clients. Takeover  was and continues to be proximately damaged by Barsch's conduct in amounts subject to proof at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

i.      For compensatory, restitutionary, consequential, and/or

FIRST AMENDED COMPLAINT

1    incidental damages in an amount exceeding $75,000, including for losses attributed

2    to the potential contract and Letter of Intent identified above;

3              ii.     For exemplary and punitive damages;

4              iii.    For disgorgement of unjust enrichment;

5              iv.     For a preliminary and permanent injunction;

6              v.      For attorney fees and costs incurred;

7              vi.     For interest on all amounts at the highest rate allowed by law;

8    and

9              vii.    For all further relief that the Court deems just and proper.

10

11   Dated:  August 25, 2021              Respectfully Submitted,

12                                        KARISH & BJORGUM PC

13

14                                        By:/s/ *Eric Bjorgum*

15                                            A. Eric Bjorgum (CSB No. 198392)
                                          Attorneys for Plaintiff
16                                        TAKEOVER INDUSTRIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28
                                         13                    FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff Takeover Industries, Inc. hereby demands a trial by jury on all issues so triable.

Dated:        August 25, 2021

Respectfully Submitted,
KARISH & BJORGUM PC

By:    /s/ A. Eric Bjorgum
A. Eric Bjorgum (CSB No. 198392)
Attorneys for Plaintiff
TAKEOVER INDUSTRIES, INC